**SIGNED THIS: September 07, 2005**

                                    **GERALD D. FINES**
                        **UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ROGER WILLIAM HUDDLESTON | ) Bankruptcy Case No. 05-91736 |
| and MARGO ANN HUDDLESTON, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court on an Objection to Homestead Exemption filed by BankChampaign, N.A. and an Objection to Homestead Exemption filed by Chapter 7 Trustee, Steve Miller; the Court, having heard arguments of counsel, having reviewed the Brief in Support of Homestead Exemption filed by the Debtors, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in serious dispute, and are, in pertinent part, as follows:

1. For the major part of 2004 and prior years, the Debtors resided at 1102 Beaver Creek Lane, Mahomet, Illinois.

2. In late 2004 and early 2005, the Debtors experienced serious financial and medical difficulties.

3. It is undisputed that Debtor Roger William Huddleston's doctor suggested that it would be best for him to move to a one-story home.

4. In furtherance of his doctor's advice and in conjunction with his attempts to resolve his financial difficulties, the Debtor and his wife, who is a Co-debtor in this proceeding, moved from their residence at 1102 Beaver Creek Lane, in Mahomet, Illinois, to a mobile home, located at 170 Union Street, Mahomet, Illinois.

5. When they moved, the Debtors advertised their residence at 1102 Beaver Creek Lane to be for sale by owner, with the hopes of selling the home and obtaining equity from the proceeds of the sale, with the intent of investing those proceeds in a new one-story home.

6. The Debtors continued to maintain the residence at 1102 Beaver Creek Lane, insured it, and showed it to prospective buyers up to the time that they filed for relief under Chapter 7 of the Bankruptcy Code, on May 12, 2005.

7. On Schedule C of the Debtors' Chapter 7 Bankruptcy Petition, they claim a homestead exemption, pursuant to 735 ILCS 5/12-901, in the amount of $15,000 in the residence located at 1102 Beaver Creek Lane, Mahomet, Illinois.

8. Both Creditor, BankChampaign, N.A., and Chapter 7 Trustee, Steve Miller, have objected to the Debtors' claimed homestead exemption, asserting that the Debtors' move from the 1102 Beaver Creek Lane address prior to their filing for Chapter 7 relief was an abandonment of that homestead, cutting off the Debtors' rights to any homestead exemption.

Conclusions of Law

Under the law, it is clear that exemption statutes are to be liberally construed in favor of debtors. In re Barker, 768 F.2d 191 (7th Cir. 1985). The burden of proof rests with the objector by a preponderance of the evidence to show that debtors intended to abandon their homestead. In re Owens, 269 B.R. 794 (Bankr. N.D. Ill. 2001); In re Moneer, 188 B.R. 25 (Bankr. N.D. Ill. 1995).

A review of the case law cited by the parties leads the Court to conclude that the case of In re Wagenbach, 232 B.R. 112 (Bankr. C.D. Ill. 1995), is not only instructive, but controlling of the issue before the Court in this matter. Based upon the undisputed facts in the case at bar, the Court finds that the Debtors had a continuing good-faith intent to sell their homestead and to invest the proceeds in a new homestead within a reasonable period of time. The fact that the Debtors have vacated the Beaver Creek Lane residence does not support a finding of abandonment in light of the Debtors' intent to sell the residence and invest their equity in another homestead. As such, the Court must conclude that the Objections to Homestead Exemption filed by BankChampaign, N.A. and the Trustee must be denied.

###